**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**NORTHERN DIVISION**

WAYNE McCARTY,
DOROTHY McCARTY,
EDDIE JULIAN,

      Plaintiffs,                                 CASE NO. 05-CV-10320-BC

v.                                         DISTRICT JUDGE DAVID M. LAWSON
                                         MAGISTRATE JUDGE CHARLES E. BINDER

JOHN DOE, Head Official for the
State Treasure Department,
PATRICIA CARUSO, Director of
the Michigan Department of Corrections,
JOHN DOE, Warden of the Carson
City Correctional Facility,
GENERAL MOTORS PENSION CENTER,
JOHN DOE, Administrator of General
Motors Pension Center,

      Defendants.
_____/

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**PURSUANT TO  28 U.S.C. §§ 1915A(b) and 42 U.S.C. § 1997e(c)(1)**

**I.**      **RECOMMENDATION**

For the reasons stated below, **IT IS RECOMMENDED** that this case be *sua sponte*

**DISMISSED.**

**II.**      **REPORT**

      **A.**      **Introduction**

On December 8, 2005, Plaintiffs' Prisoner Civil Rights Complaint was filed.  The case was

referred to the undersigned magistrate judge for pretrial management on January 13, 2006.  (Dkt.

4.)

The complaint in this case comprises 125 pages. It begins with a 5-page pre-printed prisoner civil rights form complaint which contains no statement of facts or request for relief, but refers to the "attached civil action suit and temporary restraining order motion." (Compl. at 4.) Pages 6 through 47 of the complaint are copies of various grievance and misconduct documents from the Michigan Department of Corrections ("MDOC"), and the aforementioned 143-paragraph civil action, which Plaintiffs have entitled "Imperative Civil Rights Complaint," appears at pages 48 through 123.

The central cause of action in the complaint is Plaintiff Wayne McCarty's challenge to the operation of the Michigan State Correctional Facility Reimbursement Act ("SCFRA"). MICH. COMP. LAWS § 800.401 *et seq.*[1] Plaintiff McCarty claims that the Michigan Attorney General's Office, the General Motors Pension Center, the Michigan Department of State Treasurer, the Michigan Department of Corrections, and the state judiciary have "created, established and enforced a[n] unlawful scheme (via legal or equitable procedure) through which plaintiff's

---

[1]The Michigan State Correctional Facility Reimbursement Act directs that, upon incarceration, each prisoner shall complete a Prisoner Assets Information Form, disclosing all of his or her assets. MICH. COMP. LAWS § 800.401b. The form is forwarded to the state attorney general's office, and,

> [i]f the attorney general upon completing the investigation . . . has good cause to believe that a prisoner has sufficient assets to recover not less than 10% of the estimated cost of care of the prisoner or 10% of the estimated cost of care of the prisoner for 2 years, whichever is less, the attorney general shall seek to secure reimbursement for the expense of the state of Michigan for the cost of care of that prisoner. . . . Not more than 90% of the value of the assets of the prisoner may be used for purposes of securing costs and reimbursement under this act.

MICH. COMP. LAWS § 800.403(2)-(3). The Act imposes the following procedure for securing reimbursement:

> The circuit court shall have exclusive jurisdiction over all proceedings under this act. The attorney general may file a complaint in the circuit court for the county from which a prisoner was sentenced, stating that the person is or has been a prisoner in a state correctional facility, that there is good cause to believe that the prisoner has assets, and praying that the assets be used to reimburse the state for the expenses incurred or to be incurred, or both, by the state for the cost of care of the person as a prisoner.

MICH. COMP. LAWS § 800.404(1).

2

earning[s] are required to be withheld for payment of a state debt . . . ."  (Imperative Civil Rights Compl. ¶ 4.)  Plaintiff asserts that the unlawful scheme is, "[i]n effect, a garnishment of Plaintiff's pension benefit payment[.]" (*Id.*)  Plaintiff alleges that the Michigan State Treasurer filed a SCFRA complaint against him in state court on or about July 23, 2003, (*id.* ¶ 41), and that during the state court proceedings, the state attorney general, the state treasurer, and MDOC officials committed fraud on the state circuit court by withholding certain information vital to the case.  (*Id. ¶* 45.)  A final judgment nevertheless was entered on March 22, 2004.  (*Id.* ¶ 48.)

The complaint contends that the operation of the final judgment is in violation of numerous state and federal laws.  Therefore, Plaintiff seeks declaratory and injunctive relief, including an injunctive order invalidating the state circuit court judgment pursuant to which his pension funds are being seized.  (*Id.* ¶ 7.)

Plaintiff Dorothy McCarty is the mother of Plaintiff Wayne McCarty.  The complaint explains that Dorothy and Wayne entered into a "Private Contract Security Agreement" and a "Power of Attorney Contract" whereby Wayne transferred all control and managerial authority of his pension to Dorothy.  Accordingly, her claim is that the defendants' actions which resulted in the state court judgment caused her to lose her rights under these contracts and caused her severe emotional distress.  (*Id.* ¶ 73.)

Finally, Plaintiff Eddie Julian is a state inmate who assists other prisoners with litigation. He claims that he was retaliated against by several MDOC officials for assisting Plaintiff Wayne McCarty in this matter, and therefore he seeks compensatory damages for violation of his First Amendment rights.  (*Id.* ¶¶ 142-43.)

**B.      Screening Provisions**

This case is subject to screening under two provisions of the United State Code that apply

to civil complaints filed by prisoners.  *See* 28 U.S.C. § 1915A;[2] 42 U.S.C. § 1997e(c)(1).[3]  Pursuant

to these statutes, the Court must *sua sponte* dismiss a case before service on a defendant if it

determines that the action is frivolous or malicious, fails to state a claim upon which relief can be

granted, or seeks monetary relief against a defendant who is immune from such relief.

A case is frivolous if it lacks an arguable basis either in law or fact.  *Neitzke v. Williams*,

490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed.2d 338 (1989).  When determining whether a

complaint fails to state a claim for relief, "[t]he court must construe the complaint in the light most

favorable to the plaintiff, accept all factual allegations as true, and determine whether the plaintiff

undoubtedly can prove no set of facts in support of his claims that would entitle him to relief."

*Cline v. Rogers*, 87 F.3d 176 (6th Cir. 1996) (citing *In re DeLorean Motor Co.,* 991 F.2d 1236,

1240 (6th Cir. 1993)); FED. R. CIV. P. 12(b)(6).

---

[2] 28 U.S.C. § 1915A provides in pertinent part:

(a) Screening. – The court shall review, before docketing, if feasible or, in any event, as soon as
practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a
governmental entity or officer or employee of a governmental entity.

(b) Grounds for dismissal. – On review, the court shall identify cognizable claims or dismiss the
complaint, or any portion of the complaint, if the complaint--

     (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
     (2) seeks monetary relief from a defendant who is immune from such relief.

[3] 42 U.S.C. § 1997e(c)(1) provides that

[t]he court shall on its own motion or on the motion of a party dismiss any action brought with
respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner
confined in any jail, prison, or other correctional facility if the court is satisfied that the action is
frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief
from a defendant who is immune from such relief.

In this case, two of the *pro se* plaintiffs are incarcerated and one is not.  With respect to the

non-incarcerated plaintiff, the complaint is subject to limited screening pursuant to *Apple v. Glenn*,

183 F.3d 477 (6th Cir. 1999), to determine whether the claims are "totally implausible, attenuated,

unsubstantial, frivolous, devoid of merit, or no longer open to discussion."  *Id*. at 479.

**C.      Discussion**

**1.      The Pension Claims**

I suggest that this Court lacks subject matter jurisdiction over Plaintiffs' pension claims

challenging the state court proceedings and final judgment pursuant to the *Rooker-Feldman*

doctrine.  The Sixth Circuit has explained the foundation of the doctrine as follows:

> In *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S. Ct. 1303,
> 75 L. Ed. 2d 206 (1983), the Supreme Court held that federal court review of state
> court proceedings is jurisdictionally limited to the Supreme Court of the United
> States by 28 U.S.C. § 1257.  *See also Patmon v. Michigan Sup. Ct.*, 224 F.3d 504,
> 506 (6th Cir. 2000).  We refer to this doctrine as the *Rooker-Feldman* doctrine.  *See
> also Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S. Ct. 149, 68 L. Ed. 362 (1923).
> The *Feldman* Court stated that "United States District Courts . . . do not have
> jurisdiction . . . over challenges to state court decisions in particular cases arising out
> of judicial proceedings even if those challenges allege that the state court's action
> was unconstitutional.  Review of those decisions may only be had in this Court."
> *Feldman*, 460 U.S. at 486, 103 S. Ct. 1303; *see also Anderson v. Charter Township
> of Ypsilanti*, 266 F.3d 487, 492 (6th Cir. 2001).

*Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 936 (6th Cir. 2002).  The Supreme Court

recently reviewed the doctrine's applicability and stated:

> The *Rooker-Feldman* doctrine, we hold today, is confined to cases of the kind from
> which the doctrine acquired its name: cases brought by state-court losers
> complaining of injuries caused by state-court judgments rendered before the district
> court proceedings commenced and inviting district court review and rejection of
> those judgments.

*Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 125 S. Ct. 1517, 1521-22, 161

L. Ed. 2d 454 (2005).  Lower federal courts also lack jurisdiction to review any federal claims that

are "inextricably intertwined" with a state court's decision.  *See Feldman*, 460 U.S. at 486-87.  A

plaintiff's federal claim is inextricably intertwined if the claim can succeed only to the extent that

the state court wrongly decided the issues before it.  *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir.

1998) ("'Where federal relief can only be predicated upon a conviction that the state court was

wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a

prohibited appeal of the state-court judgment.'") (quoting *Keene Corp. v. Cass*, 908 F.2d 293, 296-

97 (8th Cir.1990)).

In this case, in order to grant Plaintiffs Wayne and Dorothy McCarty the relief that they

seek, this Court would have to alter, amend, or annul the state circuit court's order.  In other words,

Plaintiffs seek to undo a state court judgment, and as the *Rooker-Feldman* doctrine instructs, the

United States Supreme Court is the only federal court with jurisdiction to do so.  *See Groat v.*

*Michigan State Treasurer*, No. 1:05-CV-394, 2005 WL 2045827 (W.D. Mich., Aug. 24, 2005)

(federal district court has no jurisdiction to overturn state court order requiring involuntary transfer

of pension benefits to pay for costs of incarceration); *Walters v. Cox*, 342 F. Supp. 2d 670 (E.D.

Mich. 2004) (same); *Reis v. Murray*, No. 01-10298, 2002 WL 31938722 (E.D. Mich. Dec. 20,

2002) (same).  Accordingly, I suggest that these claims are subject to *sua sponte* dismissal under

the standards set forth above because they are devoid of merit.

### 2.    The Retaliation Claims

I further suggest that Plaintiff Julian's retaliation claims must be *sua sponte* dismissed

because Plaintiff Julian has failed to name as defendants any of the individuals who allegedly

perpetrated the retaliatory acts, (*see* Compl. ¶¶ 78-130), and his allegation that MDOC Director

Patricia Caruso retaliated against him by denying his grievances fails to state a cognizable claim.

*See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001).

## III.    REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.


 s/ Charles E Binder

CHARLES E. BINDER

Dated: April 13, 2006                         United States Magistrate Judge


## CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date and served in the traditional manner on Eddie Julian, Dorothy A. McCarty, Wayne McCarty and Honorable David M. Lawson.


Dated:  April 13, 2006                         By         s/Mary E. Dobbick
                                               Secretary to Magistrate Judge Binder