UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WAYNE MCCARTY, DOROTHY
A. MCCARTY and EDDIE JULIAN,

        Plaintiffs,

v.

JOHN DOE State Treasurer, PATRICIA
CARUSO, JOHN DOE Warden of
Carson City Correctional Facility,
GENERAL MOTORS PENSION
CENTER, and JOHN DOE Administrator
of General Motors Pension Center,

        Defendants.
_____/

Civil No. 05-10320
Hon. David M. Lawson
Magistrate Judge Charles E. Binder

### ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PLAINTIFFS' OBJECTIONS, AND DISMISSING COMPLAINT

The Court referred this matter to Magistrate Judge Charles E. Binder for general case management in accordance with the authority conferred in 28 U.S.C. § 636(b).  On April 13, 2006, the magistrate judge filed a report advising that he conducted the screening required by 28 U.S.C. § 1915A and 42 U.S.C. § 1997e(c)(1), and recommending that the case be dismissed *sua sponte*. The plaintiffs sought leave to extend the time for objecting to the recommendation, which the Court allowed.  Objections were filed, and the Court has reviewed the matter *de novo*.  The Court concludes that the magistrate judge was correct, the objections lack merit, and the case must be dismissed.

As the magistrate judge observed, plaintiff Wayne McCarty apparently was an inmate in a Michigan prison; the State sought to recover its costs of confinement and filed a complaint in state court under State Correctional Facility Reimbursement Act (SCFRA), Mich. Comp. Laws § 800.401,

*et seq.*, seeking reimbursement from McCarty. The matter proceeded to judgment, and thereafter the State sought an order that effectively caused the transfer of McCarty's pension payments to McCarty's prison account, where the funds could be accessed by the State.

McCarty filed a lengthy *pro se* complaint attacking that procedure as violative of the anti-alienation provisions of the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1056(d)(1). *See also* 26 C.F.R. § 1.401(a)-13(c)(ii). Joining him in his complaint is Dorothy McCarty, his mother, who claims to be Wayne's attorney-in-fact under a power of attorney. Also participating as plaintiff is Eddie Julian, a prisoner who assists other inmates in legal matters, who claims that he was retaliated against for assisting the plaintiff.

The magistrate judge concluded that the gravamen of the plaintiffs' complaint against the state department of corrections is that the State had no right to obtain and enforce its judgment against the McCartys' pension assets, and therefore their challenge was leveled against the validity of the SCFRA judgment and the orders entered to implement it. As such, the magistrate judge opined, the complaint is barred by the *Rooker-Feldman* doctrine. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462 (1983) (holding that federal court review of state court proceedings is jurisdictionally limited to the Supreme Court of the United States by 28 U.S.C. § 1257). The magistrate judge found that plaintiff Julian failed to name as defendants the persons who retaliated against him, and the allegations against the MDOC director that she was liable because she denied Julian's grievances failed to state a claim. The magistrate judge found that the complaint, therefore, was "frivolous" within the meaning of the screening statutes and recommended dismissal.

In their objections, the plaintiffs contend that the magistrate judge mischaracterized their complaint, they never raised a defense in state court under ERISA, and they never have been able to litigate the merits of the application of the anti-alienation provisions of that Act to their circumstances. They insist that the present action does not amount to an appeal of the state court judgment or the related judgment-enforcement orders; rather they seek an injunction "to halt the 'continuing effect' of the Circuit Court Order of allowing" state employees from perpetrating their "unlawful scheme" and preventing General Motors, the pension administrator, from "sending any further pension checks to the MDOC." Obj. to R&R at 12. The plaintiffs also complain that the magistrate judge ignored their breach of contract claim against the General Motors Corporation pension administrator for sending the pension checks to McCarty's prison account. Finally, the plaintiffs state that the magistrate judge should have allowed the case by Eddie Julian to proceed against MDOC Director Patricia Caruso because she failed to take corrective action after learning of the claims of retaliation through grievances filed.

After reviewing the complaint, the report and recommendation, the plaintiff's objections, and conducting a *de novo* review, the Court is constrained to conclude that the magistrate judge is correct. The procedure challenged by plaintiffs Wayne and Dorothy McCarty is the one approved by the state supreme court in *State Treasurer v. Abbott*, 468 Mich. 143, 660 N.W.2d 714 (2003). Under that scheme, the State, after obtaining a judgment against a prisoner under SCFRA, procures an order from the court that issued the judgment ordering the defendant-prisoner to notify his pension administrator that his mailing address is the prison. If the prisoner refuses, the order allows the State to send a copy of the order to the pension administrator and effectuate a change in mailing

-3-

address for the pension benefits to the prison, where the state has access to the prisoner's account and can make withdrawals to satisfy its judgment.

In *Abbott*, the state supreme court found that the procedure did not violate ERISA's anti-alienation provision. That holding does not withstand analysis, however, and has been rejected by the Sixth Circuit. *See DaimlerChrysler Corp. v. Cox*, 447 F.3d 967, 975-76 (6th Cir. 2006) (criticizing *State Treasurer v. Abbott*, 660 N.W.2d 714 (Mich. 2003)). This Court agrees that the described procedure violates ERISA. In *Abbott*, the state supreme court confounded the concepts of forced application of funds from a pension source (which violates ERISA's anti-alienation provision) with a creditor's right to garnish a judgement debtor's established accounts and seize funds irrespective of their original source (which does not). In holding that a court-ordered redirection of pension benefits to an account readily accessible by the State does not amount to a seizure or garnishment of those funds or effectuates an "assignment," the *Abbott* court manifestly misapplied 29 U.S.C. § 1056(d)(1), which states that "[e]ach pension plan shall provide that benefits provided under the plan may not be assigned or alienated," and 26 C.F.R. § 1.401(a)-13(c)(ii), which defines "assignment and alienation" as "[a]ny direct *or indirect* arrangement . . . whereby a party acquires from a participant or beneficiary a right or interest enforceable against the plan in, or to, all or any part of a plan benefit payment which is, or may become, payable to the participant or beneficiary." (Emphasis added.)

Nonetheless, in order to reach the merits of the plaintiffs' claims, the Court by necessity must declare invalid the state court orders implementing the State's scheme. That declaration would amount to a direct attack on the state court's orders, which is not allowed under the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine declares that lower federal courts do not have subject matter

jurisdiction in "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.*, 544 U.S. 280, 284 (2005). The plaintiffs allege that they have been and are being injured by the monthly diversion of pension benefits from General Motors into Wayne McCarty's prison account pursuant to the state court order. As the Sixth Circuit explained, "[i]f the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006). The plaintiffs' quest for an injunction to interdict the practice falls squarely within that prohibition, and the breach of contract claim against General Motors is inextricably intertwined with the state court's orders.

As for plaintiff Julian's retaliation claim, the magistrate judge found that *Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) provides guidance and counsels dismissal, and the Court agrees.

Accordingly, it is **ORDERED** that the Magistrate Judge's Report and Recommendation [dkt # 5] is **ADOPTED**.

It is further **ORDERED** that the plaintiff's objections [dkt # 9] are **OVERRULED**.

It is further **ORDERED** that the plaintiffs' motion for temporary restraining order or preliminary injunction [dkt # 13] is **DENIED**.

It is further **ORDERED** that the complaint is **DISMISSED WITH PREJUDICE**.

    s/David M. Lawson  
    DAVID M. LAWSON  
    United States District Judge

Dated: November 27, 2006

2:05-cv-10320-DML-CEB   Doc # 14   Filed 11/27/06   Pg 6 of 6   Pg ID 572

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney of record herein by electronic means or first class U.S. mail on November 27, 2006.

                                      s/Felicia M. Moses
                                      FELICIA M. MOSES

-6-